## WILEY v. EARLS.

[No. 31,071. Filed October 19, 1967.]

*Wycoff and Greeman,* of Batesville, *Phillips B. Johnson,* of Versailles, *Jack R. Shields, of Batesville,* for appellants.

*Bowen, Myers, Northam & Givan,* of Indianapolis, *Bielby & Pfister,* of Lawrenceburg, *Gerald Shadday,* of Vevay, and *Cooper, Cooper, Cooper & Cox, of Madison,* for appellee.

LEWIS, J.—This is an appeal prosecuted from a decision of the Switzerland Circuit Court making a determination arising out of an election contest involving the election of a member of the Board of School Trustees from Jefferson Township, Switzerland County, Indiana.

Heretofore, on February 13, 1967, the appellee filed a motion to dismiss this appeal alleging, in substance, that the appeal concerned certain disputed ballots in such election, which ballots had been ruled upon by the Switzerland Circuit Court, and that appellant had failed to abide by Rule 2-5A of the Supreme Court. Rule 2-5A (1967) reads as follows:

*"Record—Nomination and Election Contests.* In all appeals from judgments determining the nomination or election by the voters of any public officer, *the original controverted ballots, papers or other documents material to the determination* of the nomination or election shall be made a part of the record on appeal, *but only such shall be included as have been properly assigned as error in a motion for new trial,* or if the appellee desires to present cross-errors, only such as appellee shall specify by praecipe to be filed by him with the clerk of the trial court within twenty (20) days from the date of the filing of appellant's praecipe. No other original papers or documents shall be brought into the record." (our emphasis)

"All such original ballots, papers or documents shall be in a separate volume or volumes of the transcript, and each shall be attached to a separate page thereof by attaching the same thereto along one edge only, with a strip of transparent material, so that the exhibit can be fully examined on the front and the back thereof. The judge's certificate to the bill of exceptions and the clerk's certificate to the transcript shall be in the last volume containing the exhibits, and shall recite by appropriate language the correctness respectively of the bill of exceptions and the tran-

script, in two (2) or more volumes as the case may be. This rule shall be in effect on all appeals where the bill of exceptions is certified on or after March 15, 1955. Adopted February 8, 1955."

The motion for a new trial filed by the appellant in the Switzerland Circuit Court did not properly assign as error the Court's ruling on the original controverted ballots. Thereafter, on February 21, 1967, the appellee's motion to dismiss was overruled. This case came on for oral argument and was heard on October 10, 1967. After argument and in consideration of the issues raised in the briefs and on the argument, this Court now reconsiders its ruling of February 21, 1967, and dismisses this appeal for the reason that appellant's motion for a new trial was not adequate under Rule 2-5A to present to this Court the original controverted ballots. In this regard, we call attention to the last paragraph of Supreme Court Rule 2-6 (1967) which reads as follows:

"In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall be filed and shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing of such motion, and an assignment of error on appeal to the effect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal. In all other cases and in cases of asserted errors arising subsequent to the filing of the motion for a new trial, such asserted errors may be assigned independently. Amended June 28, 1960. Effective September 1, 1960, and shall apply only to cases filed on or after such effective date."

Appeal dismissed.

Hunter, C. J., Arterburn and Mote, JJ., concur.

Jackson, J., not participating.

NOTE.—Reported in 230 N. E. 2d 313.